875 P.2d 482 (1994)
128 Or. App. 148
CENTRAL EASTSIDE INDUSTRIAL COUNCIL, an Oregon non-profit corporation, Burns Brothers, Inc., an Oregon corporation, Jack Burns, Bruce Burns, Bolliger & Sons, Inc., an Oregon corporation, Earl Bolliger, Speed's Automotive and Towing, Inc., an Oregon corporation, Harold Coe, Oregon Trucking Associations, Inc., an Oregon non-profit corporation, Wentworth Chevrolet, Co., an Oregon corporation, Greg Wentworth, Milcor, Inc., an Oregon corporation, dba The Moore Company, Randy Miller, Kathy Galbraith, Robert Butler, Freightliner Corporation, a Delaware corporation, Northwest Wholesale Distributors, Inc., an Oregon corporation, dba Stark's Vacuum Cleaners Sales & Service, Jim Stark, Ronald Gould, Ed Samons, and Bob Nagel, Jr., Petitioners,
v.
CITY OF PORTLAND, Respondent.
LUBA No. 93-221; CA A83177.
Court of Appeals of Oregon.
Argued and Submitted April 7, 1994.
Decided May 25, 1994.
Jeffrey L. Kleinman, Portland, argued the cause and filed the brief, for petitioners.
Kathryn Beaumont Imperati, Senior Deputy City Atty., argued, the cause and filed the brief, for respondent.
*483 Before DEITS, P.J., and RIGGS and HASELTON, JJ.
DEITS, Presiding Judge.
In 1993, the City of Portland adopted a resolution requesting the Oregon Department of Transportation (ODOT) not to build the "Water Avenue Ramp" (ramp) as a means of freeway access and, instead, to apply funding and development planning to other transportation alternatives. Petitioners appealed to LUBA, contending that the city's comprehensive plan "mandates" the ramp, and that the resolution therefore violates the plan. LUBA concluded that, because the resolution is simply a recommendation from one governmental body to another, it is not a final land use decision. ORS 197.015(10)(a)(A). LUBA therefore held that it lacked jurisdiction, ORS 197.825, and granted the city's motion to dismiss the appeal. Petitioners seek review and we reverse.
Petitioners acknowledge that this court held in Sensible Transportation v. Metro. Service Dist., 100 Or.App. 564, 787 P.2d 498, rev. den. 310 Or. 70, 792 P.2d 104 (1990), and LUBA has held on several occasions, that a recommendation by one governmental agency to a second one that has authority to make the dispositive decision is not final and reviewable. Petitioners distinguish those cases, however, by pointing out that none of them involved the applicationor misapplicationof the recommending body's own comprehensive plan. Petitioners also contend that nothing in the record indicates what ODOT must do in response to the recommendation, or whether it must take any action at all, let alone any action that will result in a decision that will be reviewable for compliance with the city's comprehensive plan. According to petitioners, what the city has effectively done is to enact a de facto amendment to the plan through a resolution that purports to be only a recommendation, but is in reality the city's last meaningful determination as to whether the ramp that the plan requires will be built.
The city does not accept petitioners' premise that its plan requires construction of the ramp. It does not even agree that all of the ramp-related provisions that petitioners cite are part of the plan. The city appears to agree that the record does not disclose exactly what ODOT may or must do in response to the recommendation, or whether it must do anything at all. The city also suggests that any amendments to or application of its comprehensive plan is contingent on intervening decisions, made by other bodies in response to its recommendation, that may in turn require future action by the city concerning the plan. However, it asserts that the present action is neither a land use decision nor final.
The parties rely, to different effects, on decisions by this court and the Supreme Court, holding that local governing body approvals of incorporations and annexations are reviewable final land use decisions, even though the last affirmative stage in the process is a popular vote rather than the governing body action. See, e.g., Heritage Enterprises v. City of Corvallis, 300 Or. 168, 708 P.2d 601 (1985). Petitioners emphasize the rationale in those cases that, although not dispositive, the governing body's action is the last one that applies land use criteria to the proposed incorporation or annexation; the city emphasizes the difference between those cases and this one where, according to the city, the governing body's action is not the last stage of the process where land use criteria can be applied.
LUBA appears to have taken the position that, under its cases and Sensible Transportation v. Metro. Service Dist., supra, anything that purports to be a recommendation from one unit of government to another cannot be a final land use decision under either the statutory or the significant impact test, if the subject of the recommendation is "within the authority of the second * * * body." Petitioners appear to regard that test as an invitation to subterfuge; they assert that, here, the city has buried a decision not to do what its plan requires in a putative recommendation to another body that, as far as this record shows, may never act on the recommendation.[1]
*484 Petitioners also maintain, and LUBA agreed, that the question of whether the plan, in fact, requires the ramp to be built relates to the merits of the appeal, and not to the finality and reviewability of the city's action. In our view, that is not completely correct. The principal basis for petitioners' distinction of this case from the others that have considered the finality of "recommendations" is that according to petitioners, the city's action here entails an amendment or application of its plan. If petitioners are not correct in that regard, they do not explain why the recommendation is even a land use decision, let alone a final one.
ORS 197.015(10)(a)(A)(ii) includes among "land use decisions" a
"final decision or determination made by a local government * * * that concerns the adoption, amendment or application of * * * [a] comprehensive plan provision."
If petitioners are correct in their underlying premises, we agree with them that the finality considerations where a "recommendation" effectively amends or applies the recommending body's own plan differ from the considerations that entered into our decision in Sensible Transportation v. Metro. Service Dist., supra. In that case, the Metropolitan Service District's recommendation was, inter alia, that Washington County consider amendments to its comprehensive plan, and it was also contingent on possible plan amendments by other jurisdictions. Here, conversely, the city itself is responsible for amending or correctly applying its plan. If its recommendation is contrary to a requirement of the plan and if the recommendation not to build the ramp can be carried outby action or inactionwithout further decisions by the city that assure a plan change or plan compliance, the present "recommendation" is the last pertinent decision concerning the plan and, therefore, is a final land use decision under ORS 197.015(10)(a)(A)(ii).
The difficulty is that LUBA has not answered all of the questions necessary to determine whether the decision is final, and we are not in a position to do so, given the present record. At least two questions must be considered: Does the comprehensive plan require the building of the ramp, or contain other requirements to which the recommendation is contrary or the substance of which applies to the recommendation? If so, are there further actions by the city or other bodies that must occur before the ramp project is rejected or abandoned and that must culminate in a decision by the city to amend the plan or otherwise apply and demonstrate compliance with it? If the answer to the first question is "yes" and the answer to the second is "no," the present decision is final and reviewable.[2]
Reversed and remanded.
NOTES
[1] If petitioners' premises were correct, but the recommendation was nevertheless not a reviewable land use decision, ORS 197.825(3)(a) might assume importance.
[2] We do not imply that LUBA may not consider any other relevant matters.