Argued and submitted January 9, affirmed on petition and cross-petition
February 22, 1995

KNEE DEEP CATTLE COMPANY,
Bill Stevenson, Lois Stevenson,
and Mike Stevenson,
*Petitioners - Cross-Respondents,*

*v.*

LANE COUNTY,
*Respondent - Cross-Petitioner,*

*and*

PARK DEVELOPMENT GROUP, L.L.C.,
Bandac, Ltd., and Bob Harrison,
*Respondents - Cross-Respondents.*

(LUBA 94-108, 94-125, 94-126; CA A86533)

890 P2d 449

Bill Kloos argued the cause for petitioners - cross-respondents. With him on the briefs was Johnson & Kloos.

Stephen L. Vorhes, Assistant County Counsel, argued the cause for respondent - cross-petitioner. With him on the brief was Lane County Office of Legal Counsel.

Glenn Klein argued the cause for respondents - cross-respondents. With him on the brief was Anne C. Davies. Also on the brief was Stephen L. Vorhes, Assistant County Counsel for respondent - cross-petitioner.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioners seek review of LUBA's affirmance of Lane County's decision, contained in a land use compatibility statement (LUCS) regarding an application for a Department of Environmental Quality (DEQ) permit, in which the county concluded that the applicant's proposed "upgrade" of a wastewater treatment system for a recreational vehicle (RV) park was an "allowed outright use" under the county's comprehensive plan and land use regulations. The county cross-petitions, contending that LUBA erred by not dismissing petitioners' appeal for lack of jurisdiction.[1] We affirm on both petitions.

The facts necessary to an understanding of our opinion may be briefly stated. The county made an earlier land use decision permitting the expansion of the park. That decision was not appealed. Because of existing deficiencies in the wastewater treatment system and due to the proposed expansion, a change in the sanitary system became necessary. The applicant proposed to use a nearby creek to dispose of wastes, rather than confining the system to its present on-site status. This change required a modified DEQ permit. The county planning director completed the county's portion of the LUCS submitted in connection with the permit modification. The planning director concluded that the expanded RV park is an outright permitted use under the Lane Code, and that the proposed treatment system shares that status because it "is incidental to the RV Park."

LUBA concluded that the county's portion of the LUCS was a reviewable land use decision, at least insofar as it pertains to the consistency of the off-site effects of the system with the county code.[2] LUBA began its analysis by reference to its decision in *Flowers v. Klamath County*, 17 Or LUBA 1078, 1083 (1989), in which it had concluded that, for a local governmental determination that a state permit application is compatible with local land use legislation to be a final land use decision,

---

[1] Three consolidated cases were presented to LUBA. The petitions to us concern only one of the three, LUBA No. 94-126. LUBA dismissed the others, and no review of LUBA's dispositions of those appeals is sought.

[2] Petitioner challenges only that aspect of the LUCS.

"[t]he state agency must be required, by statute, rule or other authority, to assure that the proposal is compatible with the local government plan and regulation [and] the state agency must be authorized, by statute, rule or other legal authority, to *rely* on the local government's determination of compatibility." (Emphasis in original.)

■    In this case, as LUBA concluded, both of the *Flowers* conditions are met. Under authority of ORS 197.180(10), LCDC has promulgated OAR 660-31-035, providing in material part:

"(2) Class B Permits: State agencies may rely on the affected local government's determination of consistency with the Statewide Planning Goals and compatibility with the Acknowledged Comprehensive Plan when the local government makes written findings demonstrating compliance with the goals or compatibility with the acknowledged plan in accordance with OAR 660-31-026(2)(b)(B)."[3]

Under OAR 340-18-050(1), DEQ must find actions of the kind involved here to be compatible with acknowledged comprehensive plans "to the extent required by law." *See* ORS 197.180. Under section 2(a)(B) of that rule, DEQ is required to "rely on an affirmative LUCS as a [local government's] determination of compatibility with the acknowledged comprehensive plan unless otherwise obligated by statute[.]"

LUBA rejected the county's assertion that its "compatibility determination is nothing more than a check in a box labeled '[i]s an allowed outright use.' " Rather, LUBA concluded, the statement that the proposed treatment process is incidental to the permitted RV park is a finding of the kind contemplated by OAR 660-31-035(2). Finally, LUBA reasoned that the county's determination was an application of its land use legislation, requiring the exercise of policy or legal judgment. ORS 197.015(10). Therefore, it held that the LUCS constituted a land use decision over which it had jurisdiction.

Insofar as the county's cross-petition takes issue with the specifics of LUBA's reasoning that we have

---

[3] Land use regulations, like the Lane Code, implement and must be consistent with comprehensive plans. *See, e.g.*, ORS 197.175(2)(b).

described, we agree with and expressly endorse LUBA's conclusion and analysis. However, the principal argument the county makes to us relates to a somewhat different point. The county asserts that the permissibility of the proposed wastewater treatment system was effectively decided in the earlier permit proceeding to enlarge the park and that, given that circumstance, the decision in that proceeding was final and petitioner should not be permitted to reopen the questions decided in it via an appeal from the LUCS. If, in fact, the permissibility of the proposed system had been decided in the earlier proceeding, the county might well be right. However, we do not agree that that question was decided in those proceedings.

The county refers to LUBA's dismissal of one of the consolidated appeals, *see* n 1 *supra*, and argues:

"The LUBA order reaches inconsistent and contradictory conclusions. Essentially, LUBA provides petitioners with an additional opportunity to review issues resolved in the other county permit decisions. In this case, those were permit decisions either not appealed by petitioners or about which LUBA concluded: 'a decision to allow construction of an on-site sewage treatment facility to serve a use determined to be an outright permitted use by other county decisions, is not a decision concerning the application of the [Lane Code].' * * * The [LUCS] reflected the other permit decisions on the RV park expansion and the related on-site sewage treatment facility replacement. The LUBA order fails to explain how the compatibility statement constitutes a separate decision on different issues."

■ The problem with that argument is that this appeal presents a different question that was *not* addressed in the earlier proceeding. It may be that the earlier RV park permit decision subsumed all issues concerning *on-site* sewage treatment facilities. However, the county points to no decision predating the LUCS that resolved the compatibility of the *off-site* disposal aspect of the proposal with the county's land use legislation. As far as we are made aware, the LUCS was the first county action to do that.

There is an implication in the county's argument that, if its code makes the wastewater treatment proposal as a whole incidental to the outright permitted use that it held the park itself to be in the earlier unappealed RV park decision,

that decision is final and dispositive and LUBA had no *jurisdiction* to review this one. If that implication is intended, however, it confuses jurisdiction over the appeal with the merits of the appeal. For purposes of finality and jurisdiction, the question is not what the code means, but whether there was any county action before the LUCS was prepared that *decided* what the code means with respect to off-site disposal. Again, the county identifies none, and we find none. We agree with LUBA that the LUCS is a final and reviewable land use decision.[4] We hold that LUBA had jurisdiction and we affirm on the cross-petition.

In their petition, petitioners challenge the merits of LUBA's decision upholding the county's allowance of the off-site discharge from the proposed facility. We agree with LUBA's analysis of these issues and conclude that LUBA did not err.

Affirmed on petition and on cross-petition.

---

[4] Our conclusion finds support in *Central Eastside Industrial Council v. City of Portland*, 128 Or App 148, 875 P2d 482 (1994), and *Schreiner's Garden v. DEQ*, 71 Or App 381, 692 P2d 660 (1984). We emphasize, however, that the bases for our decision are the current statutes and regulations and other factors discussed in the text, and the cases cited here are relevant only by analogy.